[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Defendant, Hartford Municipal Employee Association (HMEA) moves to dismiss this application under General Statutes §52-418 to vacate an arbitration award filed by the City of Hartford, on the ground that this court lacks subject matter jurisdiction because the City failed to comply with the statutory notice provision which appears in § 52-418 (c) as follows:
(c) Any party filing an application pursuant to subsection (a) of this section concerning an arbitration award issued by the State Board of Mediation and Arbitration shall notify said board and the Attorney General, in writing, of such filing within five days of the CT Page 1578 date of filing.
The city claims it notified the Attorney General and the State Board of Mediation and Arbitration ("Board") of its application but concedes that it did not do so within five days of the date of filing.
Defendant argues that this statutory requirement to notify the Attorney General and the Board within the five day period requires strict compliance and is jurisdictional in nature and if not complied with requires dismissal of the application. Defendant supports its claim by citing numerous cases, virtually all decided under General Statutes § 4-183 ff, of the Uniform Administrative Procedure Act, holding that failure to comply with time limits for filing or service is a jurisdictional defect. All these cases, however, deal with court filings or service on parties. and not with a failure, such as in the present case, to notify a non-party such as the Attorney General or the board. No decision has been cited to support the claim that failure to notify non-party in timely fashion as required by statute is a jurisdictional defect.
A review of our Superior Court decisions interpreting other statutes which contain requirements of notice to non parties, discloses that failure of required notice to non parties, at least within a specified time period, has not been considered a jurisdictional defect.
In Westport Taxi v. Westport Transit judicial district of Stamford, Norwalk at Stamford, No. CV 79 0041301S (June 29, 1991) (Katz J.), involving a complaint under the state anti-trust act, a claim that failure to notify the attorney general "simultaneously with the return of the complaint to court" under General Statutes § 35-37 was held was held to be non jurisdictional. The court stated that the purpose of the notice in that case was clearly to allow the attorney general to provide the court with his views on the merits of a given case and that subsequent opportunity to do so was sufficient.
Likewise in a case involving a similar notice provision under CUTPA, General Statutes § 42-110b et seq. Judge Hadden citing several other superior court decisions, held that the failure to notify the Attorney General was a curable jurisdictional defect because the purpose of notifying the Attorney General was so that he could "Keep track of litigation between private parties." CT Page 1579Cooke's Equipment Co. v. Stack, 1990 WL 277364, judicial district of New Haven No. CV 29 5539 (October 12, 1990) (Hadden, J.). See cases cited.
Winchester v. International Police Officers, judicial district of Litchfield, No. CV 93-52654 (October 26, 1993) (Pickett, J.) involved an application, similar to that in the present case, to vacate an arbitration award under General Statutes § 52-418. In that case, the notice to the attorney general and the Board were mailed on the fifth day but not received "until well beyond the five day filing period." The Court did not find it necessary to confront the jurisdictional nature of the notice, finding that deposit of the notice on the fifth day was sufficient but characterized the purpose of the notice to permit the Board "to take part in the proceedings if it should so choose."
Absent significant evidence of legislative intent, it does not appear that failure to notify such non parties as the Attorney General and Board was intended by the legislature to be a jurisdictional defect.
 II
Defendant points out that the legislature specifically made failure to notify parties a non-jurisdictional defect in the general administrative appeal statutes, § 4-183 et seq. and under accepted rules of statutory construction failure to make such a specific provision in § 52-41B implies a legislative intention to treat the time limit for such notice as mandatory and failure to comply as invoking a jurisdictional defect.
Comparison of the two statutes, however, shows that they are quite different § 52-418 (c) contains a very short period for notice to be given to the non-parties; § 4-183 has a 45 day period in which service can be made, provides for dismissal only if prejudice is found against any party and contains order of notice provisions "reasonably calculated to notify each party not yet served." The absence of saving clauses in 52-418 (c) similar to those in § 4-183 cannot reasonably be viewed as an implied legislative intent to keep the five day period for notice mandatory and failure to comply with it, a jurisdictional detect. No practical reasons have been advanced why notice requirements under the two statutes should be treated differently insofar as non-parties are concerned. CT Page 1580
The cited Superior Court cases all take the view that under similar statutory language the purpose of the notice to the non parties is essentially advisory. Where, as in this case, notice was given, concededly late, in the absence of some claim of prejudice to the Defendant or to any of the enumerated non-parties, late notice is not sufficient to justify dismissal for lack of jurisdiction,
Motion to dismiss denied.
___________________________ Jerry Wagner Trial Judge Referee